DARRYL RIDING v. STATE OF INDIANA.

[No. 875S190. Filed July 15, 1976. Rehearing denied September 13, 1976.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant, Darryl Riding, was tried by court and found guilty of violating the Indiana Controlled Substances Act, Ind. Code § 35-24.1-4-1 (a). He was sentenced to a term of imprisonment of ten years and one day.

Appellant was charged with delivering a controlled substance to an undercover deputy sheriff. The facts of this case are that, on May 8, 1974, two deputy sheriffs, Holler and Foreman, went together to appellant's residence at 3309 North Gladstone. A woman who lived there recognized Holler, who had been there before, and admitted them into the house. They went to the basement where appellant lived, saw appellant, and asked him if he had any more drugs which he would like to sell. Appellant replied that he did, produced a bag of tablets from a refrigerator, said that it was a better substance than Holler had purchased before, counted out 51 or 52 tablets, and gave them to Foreman, in exchange for forty-five dollars. These tablets contained Lysergic Acid Diethylamide, or L.S.D.

Holler testified that he had purchased "narcotics" from appellant on two prior occasions. The same officer testified that appellant was not arrested for the May 8, 1974 sale until July 20, 1974. He also testified that he made the first purchase approximately three months prior to appellant's arrest, placing the two prior purchases within three to four weeks of the purchase on May 8th.

Appellant's sole contention on appeal is that the prosecution failed to present sufficient evidence that the law enforcement officials had probable cause to initiate their plan to make a controlled purchase of drugs from him. Justice Prentice, in *Smith* v. *State,* (1972) 258 Ind. 415, 281 N.E.2d 803, after summarizing the case law on the subject of entrapment, concluded:

"We, therefore, have clearly adopted or embraced a rule of law that before the State sets into operation a scheme to trap a particular suspect, there must be probable cause for the suspicions." 258 Ind. at 418.

And, after reviewing the evidence presented in that case, the Court concluded:

"Probable cause for 'baiting the trap' was therefore absent, and the work product of the scheme cannot be utilized, thereby condoning and encouraging that which was illegal in the first instance." 258 Ind. at 419.

From the evidence presented to the trial judge in this case, he was warranted in finding that the prosecution satisfied its burden to show probable cause. The two purchases of drugs made by the officer a few weeks prior to the purchase upon which this charge is based supplied him with reasonable grounds to believe that appellant was engaged in illegal dealing in controlled substances immediately prior to the executing of the plan to make the May 8, 1974 purchase. *Hauk* v. *State*, (1974) 160 Ind. App. 390, 312 N.E.2d 92.

The judgment is affirmed.

Givan, C.J., Hunter and Prentice, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported at 350 N.E.2d 629.